# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHARLES D. HARDIMAN, SR., | ) |
| Plaintiff, | ) |
| vs. | ) NO. 2:05-CV-420 |
| COUNTY OF LAKE, INDIANA, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) Defendants Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed on December 14, 2005 (DE # 19); (2) Defendants' Motion to Dismiss for Plaintiff's Failure to Comply with the Federal Rules of Civil Procedure and for Want of Prosecution, filed on April 17, 2006 (DE # 28); (3) Defendants' Second Motion to Dismiss for Plaintiff's Failure to Comply with the Federal Rules of Civil Procedure and for Want of Prosecution, filed on June 2, 2006 (DE # 38); and (4) Motion to Dismiss, filed by Plaintiff on June 21, 2006 (DE # 39). For the reasons set forth below, Defendants' motions (DE #'s 19, 28 and 38) are **DENIED AS MOOT**. Plaintiff's motion (DE# 39) is **GRANTED**. Accordingly, the Clerk is **ORDERED to DISMISS** this case **without prejudice**.

For a case that never made it beyond the pleading stage, the procedural posture of this case has become quite lengthy. Relevant here, on November 16, 2005, Plaintiff, Charles D. Hardiman, Sr., filed a 3-count *pro se* complaint against Defendants, Lake County, Lake County Sheriff's Department, and Rogelio Dominguez, in both his individual and official capacities. In response, Lake County filed its answer and affirmative defenses. Additionally, Defendants filed a motion to dismiss (DE # 19) arguing that Plaintiff's *pro se* complaint failed to state a claim upon which relief could be granted and also because this Court lacked subject matter jurisdiction in part. Plaintiff failed to respond to this motion, which triggered Defendants' second and third motions to dismiss for failure to prosecute (DE #'s 28 and 38). In all three motions, Defendants sought dismissal of this case with prejudice and requested an entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Most recently, Plaintiff, who is now represented by counsel, filed a one-sentence motion to dismiss, seeking dismissal of this case without prejudice. This time, it was the Defendants who failed to respond. Thus, it can fairly be said that this request for dismissal is governed by Rule 41(a)(2), as opposed to 41(a)(1).

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and

conditions as the court deems proper." It is clear that both parties wish for this case to be disposed of and, as such, the Court finds dismissal to be appropriate. The only possible sticking point is whether the dismissal should be with or without prejudice. However, as Plaintiff requested the case be dismissed without prejudice and no Defendant has lodged any objectionable response within the allotted time, it can only be presumed that dismissal on such terms is proper.

**DATED: July 14, 2006**　　　　　　　　　　　　**/s/RUDY LOZANO, Judge**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Court**